IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| FIRSTLINER INDUSTRIES, INC. § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-100 |
| § | |
| WESCO INFRASTRUCTURE § | |
| TECHNOLOGIES, L.P. et al, § | |
| § | |
| Defendants. § | |

**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE**

Now before the Court comes Defendants' Motion to Transfer Venue to the Eastern District of California. For the reasons stated below, Defendants' Motion is respectfully **DENIED**.

I.   Background

Plaintiff is a manufacturer of products used to line sewer systems in need of repair and rehabilitation. Defendants are in the business of sewer line repair and entered into a contract with Plaintiff to supply goods to be used in a sewer project in Fresno, California. Defendants have refused to pay for the goods, alleging that they were defective, and Plaintiff has sued to recover the unpaid balance due on the goods. Defendants now move to transfer this case to the Eastern District of California.

II.   Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of

1

demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

III. Analysis

A. *Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important" factor in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendants argue that since they are located in California "a greater number of parties, and, relevant witnesses, particularly the agents, representatives, and employees of the Wesco Defendants and the City of Fresno, which were involved in the installation, evaluation, and eventual rejection of the goods provided by Plaintiff" are located in California.  However, Defendants offer no summary of likely witnesses' testimony, making it impossible for the Court to evaluate the relevant importance of possible witnesses.  Additionally, Defendants can compel the attendance at trial of their own employees, so the availability and convenience of these potential witnesses is given less weight.  *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003).

Plaintiff, which is located in this Division, notes that all of the engineers responsible for the design of the products in question are located in Texas.  It also points to a Texas-based former company representative who negotiated the terms of the agreements between the Parties.  Again, Plaintiff can compel the attendance of its employees, so those witnesses are also given less weight.

Since there are equally important witnesses in both California and Texas, many of whose testimony can be compelled, this factor does not weigh either for or against transfer.

*B.  Location of Books and Records*

Relevant books and records will likely be located in both California and Texas.  The Parties have not given the Court any reason to believe that records will be so voluminous that a trial in either Texas or California would be overly burdensome.  This factor does not weigh for or against transfer.

*C.  Potential for Delay*

While any transfer causes some delay, Plaintiff has not shown that transfer at this stage would cause a significant and unusual delay.  *See, e.g. In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) ("[I]n rare or special circumstances a factor of 'delay' or of 'prejudice' might be

relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). This factor weighs neither for nor against transfer.

### D.  Plaintiff's Choice of Forum

Defendants acknowledge that Plaintiff's choice of forum is generally entitled to great deference, but note that it is not the only factor to be considered. *See, e.g.*, *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105 (S.D. Tex. 1997). Plaintiff is a resident of this Division, and its choice of forum is indeed entitled to deference. This factor weighs against transfer.

### E.  Place of the Alleged Wrong

Unlike a personal injury case, where the place of the alleged wrong is readily determinable, the alleged wrong in this case is somewhat dispersed. As previously noted, parts of this transaction took place in both California and Texas. This factor does not weigh either for or against transfer.

### IV.  Conclusion

This case could have been brought in California and is does have connections there; however, it has equally strong connections to Texas and was appropriately brought here. In this case, the deference owed to Plaintiff's choice of forum is the deciding factor. Accordingly, Defendants' Motion to Transfer is **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 31st day of October, 2005 at Galveston, Texas.

Samuel B. Kent
United States District Judge